1   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
    Harvey I. Saferstein, Esq. (SBN: 49750)
2   Nada I. Shamonki, Esq. (SBN: 205359)
    2029 Century Park East, Suite 1370
3   Los Angeles, California 90067
    Phone:  310.586.3200
4   Fax:  310.586.3202
    hsaferstein@mintz.com; nshamonki@mintz.com
5

6   Attorneys for Defendants
    UNILOC USA, INC., UNILOC (SINGAPORE)
7   PRIVATE LIMITED and UNILOC CORPORATION
    PTY LIMITED
8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| SYMANTEC CORPORATION and XTREAMLOK PTY, <br><br> Plaintiffs, <br><br> vs. <br><br> UNILOC USA, INC., UNILOC (SINGAPORE) PRIVATE LIMITED and UNILOC CORPORATION PTY LIMITED, <br><br> Defendants. | Case No. SACV10-01483 DOC (MLGx) <br><br> **DEFENDANTS' ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br><br><br> Judge:      Honorable David O. Carter <br> Courtroom:  9D |

20       Defendants Uniloc USA, Inc., Uniloc (Singapore) Private Limited and Uniloc

21   Corporation PTY Limited, (together "Uniloc") hereby answer the complaint of

22   Symantec Corporation ("Symantec") and XtreamLok PTY ("XtreamLok") and

23   counterclaim against Plaintiffs as follows:

24                              **PARTIES**

25       1.    Admitted.

26       2.    Admitted.

27

28

                                    1

3.     Uniloc denies that in all cases it has alleged that Uniloc USA, Inc. had a principal place of business in California.  The remaining allegations of Paragraph 3 are admitted.

4.     Admitted.

5.     The allegations of Paragraph 5 are ambiguous and are, therefore, denied.

6.     Admitted.

## JURISDICTION AND VENUE

7.     Admitted.

8.     Uniloc admits that venue is technically proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), (c) and/or § 1400(b), but not due to the stipulation, and asserts that this patent infringement dispute should be resolved in Civil Action No. 6:10-cv-472 pending in the United States District Court for the Eastern District of Texas, filed on September 14, 2010.

## GENERAL ALLEGATIONS

9.     Uniloc denies the allegations in the last sentence of Paragraph 9.  The remaining allegations in Paragraph 9 are admitted.

10.     Uniloc admits the allegations in Paragraph 10 but denies that such allegations describe fully the facts and circumstances surrounding and resulting from such matters set forth in Paragraph 10.

11.     Uniloc denies that the arbitration addressed a "narrow' issue and that Symantec, as XtreamLok's customer, would be protected from liability by the patent exhaustion doctrine.  Uniloc admits the remaining allegations in Paragraph 11 but denies that such allegations describe fully the facts and circumstances surrounding and resulting from such matters set forth in Paragraph 11.

12.     As the Arbitrator's decision constitutes a legal determination, no response is required and as the document also speaks for itself.  To the extent the allegations in Paragraph 12 are inconsistent with the ruling, they are denied.

13.    Uniloc admits that it has filed actions for infringement of the '216 patent against numerous defendants in the Eastern District of Texas alleging infringement of the '216 patent.  The remaining allegations in Paragraph 13 are denied.

14.    Uniloc admits that it filed a lawsuit (Civil Action No. 6:10-CV-472) in Texas against Symantec and others for infringement of the '216 patent on September 14, 2010.  Uniloc denies the remaining allegations in Paragraph 14.

15.    Uniloc admits that one or more of the defendants herein filed suits for infringement of the '216 patent in Texas and that at the time of filing Uniloc USA, Inc. was either a Rhode Island Corporation or a Texas Corporation.

16.    The Complaint herein speaks for itself.  To the extent the allegations in Paragraph 16 are inconsistent with the Complaint, they are denied.  Uniloc denies that Symantec and XtreamLok have never practiced the '216 patent and that the patent is invalid.  To the extent any further factual allegations are made in Paragraph 16, they are denied.

### FIRST CLAIM FOR RELIEF

**(By Symantec and XtreamLok Against All Defendants)**

**Declaratory Relief Regarding Non-Infringement**

17.    Uniloc incorporates herein its answers set forth in Paragraphs 1-16 above.

18.    Admitted.

19.    Uniloc admits that Symantec and XtreamLok requests such a declaration, but denies that they are entitled to such relief.

### SECOND CLAIM FOR RELIEF

**(By Symantec and XtreamLok Against All Defendants)**

**Declaratory Relief Regarding Invalidity**

20.    Uniloc incorporates herein its answers set forth in Paragraphs 1-19 above.

21.    Admitted.

3

22.   Uniloc admits that Symantec and XtreamLok requests such a declaration, but denies that they are entitled to such relief.

**THIRD CLAIM FOR RELIEF**

**(By XreamLok Against All Defendants)**

**Money Paid to Defendants (Common Law)**

23.   Uniloc incorporates herein its answers set forth in Paragraphs 1-22 above.

24.   Admitted.

25.   Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Symantec and XtreamLok have infringed the '216 patent as set forth in the Counterclaim below.

**SECOND AFFIRMATIVE DEFENSE**

The claims of the '216 patent are not invalid.

**THIRD AFFIRMATIVE DEFENSE**

Neither Symantec nor XtreamLok is entitled to declaratory relief.

**FOURTH AFFIRMATIVE DEFENSE**

Uniloc has caused no damage to Symantec or Xtreamlok.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of Symantec and XtreamLok are barred by one or more of the doctrines of laches, estoppels, waiver, unclean hands and/or other equitable doctrines.

**SIXTH AFFIRMATIVE DEFENSE**

Uniloc owes Symantec and XtreamLok nothing.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

1     WHEREFORE, Defendants pray for judgment on Plaintiffs' Complaint as

2  follows:

3         1.     Deny all declaratory and other relief requested in the Complaint and

4                enter judgment in favor of Uniloc on all counts of the Complaint;

5         2.     Plaintiffs take nothing by way of their Complaint;

6         3.     That Defendants be awarded judgment in their favor in this action;

7         4.     Award Defendants their costs, expenses and reasonable attorneys' fees

8                incurred in this action, and

9         5.     Award Defendants such other and further relief as the Court may deem

10               just and proper.

11

12  Dated:  November 5, 2010            Respectfully submitted,

13

14                                      MINTZ LEVIN COHN FERRIS
                                        GLOVSKY AND POPEO P.C.

15

16                                      Harvey I. Saferstein
                                        Nada I. Shamonki

17

18                                      Attorneys for Defendants
                                        UNILOC USA, INC., UNILOC

19                                      (SINGAPORE) PRIVATE LIMITED and
                                        UNILOC CORPORATION

20                                      PTY LIMITED

21

22

23

24

25

26

27

28

5

1

## DEMAND FOR JURY TRIAL

2

Uniloc respectfully demands a jury trial in this action, as to all issues so triable.

3

4    Dated:  November 5, 2010                    Respectfully submitted,

5
                                        MINTZ LEVIN COHN FERRIS
6                                       GLOVSKY AND POPEO P.C.

7

8                                       Harvey I. Saferstein
                                        Nada I. Shamonki
9

10                                      Attorneys for Defendants
                                        UNILOC USA, INC., UNILOC
11                                      (SINGAPORE) PRIVATE LIMITED and
                                        UNILOC CORPORATION
12                                      PTY LIMITED

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

I hereby certify that on November 5, 2010, I electronically filed the **DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF registered parties.

I hereby certify that I have mailed the foregoing document via U.S. Postal Service First Class Mail to the non-CM/ECF participants indicated below:

Mark A. Flagel
Yury Kapgan
Dale Change
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Phone:  213-485-1234
Facsimile:  21-891-8763
mark.flagel@lw.com
yury.kapgan@lw.com
dale.chang@lw.com

Dean G. Dunlavy
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Phone:  714-540-1235
Facsimile:  714-755-8290
Dean.dunlavey@lw.com

*Attorneys for Plaintiffs/Counterdefendants, SYMANTEC CORPORATION and XTREAMLOK PTY*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 5, 2010, at Los Angeles, California.

DIANE ENDO

5068951v.1