# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

Case No. SACV 10-1483 DOC (MLGx)                    Date: January 14, 2011

Title: SYMANTEC CORPORATION and XTREAMLOK PTY v. UNILOC USA INC ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

        Kathy Peterson                              Not Present
        Courtroom Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

        NONE PRESENT                            NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING PLAINTIFFS' MOTION TO ENJOIN UNILOC FROM PROCEEDING WITH DUPLICATIVE ACTION AS AGAINST SYMANTEC, AND TO REQUIRE UNILOC TO DISMISS SYMANTEC AS A DEFENDANT FROM THAT ACTION AND GRANTING DEFENDANTS'/COUNTERCLAIMANTS' MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

        Before the Court are: (1) Plaintiffs' Motion to Enjoin Uniloc from Proceeding with Duplicative Action as Against Symantec, and to Require Uniloc to Dismiss Symantec as a Defendant from That Action and Defendants/Counterclaimants Uniloc USA. Inc., Uniloc (Singapore) Private Limited and (2) Uniloc Corporation PTY Limited (collectively "Uniloc")'s Motion to Transfer Venue to the United States District Court for the Eastern District of Texas, or, in the Alternative, to Dismiss. The Court finds these matter appropriate for decision without oral arguments. Fed.R.Civ. P. 78; Local Rule 7-15.  The Court has considered the moving, opposing, and replying papers in its decision.  The Court has also considered Plaintiffs' Notice of Post-Briefing Events Regarding Pending Motions (Docket 29), as well as Defendants' Response (Docket 30).

## I.      Factual Background

The facts, as set forth by the parties' recent Joint Rule 26(f) Report (Docket 31), are as follows.  In May 2008, Uniloc filed an action in this Court against Symantec and XtreamLok, alleging infringement of U.S. Patent No. 5,490,216 ("'216 patent"), Case No. CV 08-03574. Uniloc also alleged that XtreamLok breached a 2002 agreement in which Uniloc had licensed the '216 patent to XtreamLok, and that the agreement therefore was terminated and XtreamLok's technology infringed its patent. Uniloc further alleged that Symantec was liable for infringement as a result of licensing XtreamLok's technology and later indirectly acquiring XtreamLok.

In October 2008, the Court stayed the case pending arbitration of the breach of contract claim, and ordered that it "shall retain jurisdiction over Uniloc's Patent Claims, and shall re-activate the matter upon application of the parties upon completion of the arbitration[.]" In September 2009, the arbitrator ruled that the license agreement had been breached and terminated, and awarded Uniloc certain royalties that she calculated were underpaid by XtreamLok. The arbitrator noted that no ruling was rendered on the substantive issue of whether the XtreamLok technology practiced the '216 patent, as the parties had stipulated the arbitration would not address that issue. XtreamLok paid the award to Uniloc. However, the payment was subject to the express reservation by XtreamLok of the right to seek return of the money, because XtreamLok believes that the XtreamLok technology is not covered by the '216 patent, and if that is true, the money was not owed. On November 30, 2009, Uniloc voluntarily dismissed its case in this Court under Federal Rule of Civil Procedure 41(a). Thereafter, in September 2010, Uniloc sued Symantec and eleven other defendants in the Eastern District of Texas for infringement of the '216 patent, Case No. 6:10-CV-472 (the "Texas action").

On October 1, 2010, Symantec and XtreamLok filed this action, designating it as related to the prior action filed by Uniloc in May 2008. Symantec and XtreamLok seek declaratory judgment that (1) they do not infringe the '216 patent, and (2) the '216 patent is invalid. In addition, XtreamLok seeks the return of the award that it paid to Uniloc pursuant to the arbitration on the basis that XtreamLok does not and has never practiced the '216 patent, and that the '216 patent is invalid. On November 5, 2010, Uniloc filed an Answer and, the following week, Counterclaims. In its Answer, Uniloc denies that Symantec and XtreamLok do not infringe the '216 patent, and that the '216 patent is invalid. Uniloc further denies that Symantec and XtreamLok are entitled to any of the relief sought. In its Counterclaims, Uniloc alleges that Symantec and XtreamLok have directly and/or indirectly infringed the '216 patent by making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including Symantec's Norton AntiVirus 2010 product that permits customers to activate and/or register software. Uniloc further alleges that Symantec and XtreamLok's alleged infringement was willful, and that this case is exceptional, entitling Uniloc to increased damages and attorneys' fees. For Symantec and XtreamLok's alleged infringement, Uniloc seeks: (1) damages and increased damages resulting from the alleged infringement; (2) its costs, expenses and reasonable attorneys' fees; and (3) injunctive relief to preclude Symantec and XtreamLok from further engaging in the allegedly infringing activities.

In response to Uniloc's Counterclaims, Symantec and XtreamLok deny infringement, and deny that Uniloc is entitled to any of the relief sought. In addition, Symantec and XtreamLok assert affirmative defenses of noninfringement, invalidity, and prosecution history estoppel. With regard to the Counterclaims, Symantec and XtreamLok seek: (1) judgment that they do not infringe the '216 patent, and that the '216 patent is invalid; (2) a dismissal of the Counterclaims with prejudice; (3) a declaration that they do not infringe and that the '216 patent is invalid; and (4) their costs, expenses and reasonable attorney fees in this action.

On November 22, 2010, Symantec and XtreamLok filed this Motion to Enjoin Uniloc from Proceeding with Duplicative Action as Against Symantec, and to Require Uniloc to Dismiss Symantec as a Defendant from that Action (Docket 18). By their motion, Symantec and XtreamLok seek an Order enjoining Uniloc from pursuing its patent infringement claims against Symantec in the Texas action. On the same day, Uniloc filed the present Motion for Transfer of Venue to the United States District Court for the Eastern District of Texas, or in the Alternative, to Dismiss (Docket 19). Uniloc seeks an Order transferring the patent issues in this case to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a), or in the alternative, dismissing the patent issues in favor of the proceedings in the Texas action.

## II.    Legal Standard

### A.    First to File Rule

"Normally, sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and 'no purpose would be served by proceeding with a second action.'" *Nat'l Broom Co. of California, Inc. v. Brookstone Co., Inc.*, No. C 09-00959 JSW, 2009 WL 2365677, *2 (N.D. Cal. July 30, 2009) (quoting *Pacesetter Sys., Inc. v. Medtronic*, Inc., 678 F.2d 93, 95 (9th Cir. 1982)).  When a later-filed complaint involves "the same parties and issues" as those filed in another district, a court may in its discretion transfer the later-filed action to the court in which the first-filed action is pending. *See Alltrade, Inc. v. Uniweld Prods., Inc*., 946 F.2d 622, 625 (9th Cir. 1991).  The first-to-file doctrine "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. . . . [T]he 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly."  *Church of Scientology of Calif. v. United States Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1979) (citations omitted).  "The sameness requirement does not mandate that the two actions be identical, but it satisfied if they are substantially similar."  *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).

### B.    Section 1404(a)

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

it might have been brought."  The district court enjoys broad discretion in determining whether transfer is appropriate under section 1404(a).  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239 (1988)), *cert. denied*, 531 U.S. 928, 121 S.Ct. 307 (2000).  The moving party bears the burden of showing that transfer is appropriate.  *The Carolina Casualty Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).

Two factors control the appropriateness of transfer under 28 U.S.C. § 1404(a).  First, a court must determine whether "the case could have been brought in the forum to which transfer is sought."  *Inherent.com*, 420 F. Supp. 2d at 1098; *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  After completing this step, the court must engage in an "individualized, case-by-case consideration of convenience and fairness."  *Jones*, 211 F.3d at 498.  The factors relevant to the court's determination include: "(1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) the ease of access to sources of proof and (9) any relevant public policy of the forum state."  *Inherent.com*, 420 F. Supp. 2d at 1098 (citing *Jones*, 211 F.3d at 498-99).

## III.    Discussion

### A.    Motion to Enjoin Uniloc from Proceeding with Duplicative Action

Plaintiffs make several arguments in bringing their Motion to Enjoin Uniloc from Proceeding with Duplicative Action. First, Plaintiffs argue that this patent dispute has already been litigated in this Court.  However, the patent infringement issue was not tried in that case.  *See* Complaint, ¶ 12.  Instead, Uniloc dismissed the case on its own after the Arbitrator's decision that on the contract issue in the case.

Plaintiffs also insist that the Parties' prior stipulation that this Court would retain jurisdiction to decide Uniloc's claim for patent infringement is controlling. However, that stipulation stated that "once the arbitration of that [breach of contract] claim is concluded, this matter may be *re-activated* so that this Court may address any remaining claims for Patent Infringement and Unfair Competition." (emphasis added).  Thus, by its own language, the stipulation requires a reactivation of the original suit. Neither party has done so here; the case was formally closed on October 22, 2008.  *See* Case No. CV 08-3574. Thus, the stipulation is inapplicable.

Finally, Plaintiffs argue that Uniloc agreed to dismiss Symantec from the Texas action and to proceed instead in this Court.  Though the emails cited by Plaintiffs certainly indicate that counsel for Uniloc led them to believe that Uniloc would dismiss Symantec, they fall short of a promise

to do so. Indeed, counsel explains that he was following his client's instructions in filing the counterclaim and not dismissing the Texas case. *See* Bostock Declaration ("Bostock Decl.") ¶ 11. Thus, this Court declines to bind Uniloc to its earlier statements of intent.

As Uniloc notes, this Court has not yet become substantively involved in the merits of this case. By contrast, the other related cases involving the infringement of the '216 patent pending in the Eastern District of Texas have moved farther along. Bostock Decl. 1-5.[1] Upon consideration of all of these arguments, the Court DENIES Plaintiffs' Motion.

### B.    Motion to Transfer

As described in detail above, the First to File Rule favors the forum of the first-filed suit when two actions involving overlapping issues and parties are brought in separate districts. *Alltrade, Inc.,* 946 F.2d at 625; *see also Inherent.com*, 420 F. Supp. 2d. Uniloc's case against Symantec in Texas was the "first to file"; it was filed on September 14, 2010, two weeks prior to Plaintiffs filing the present action on October 1, 2010**.** As a result, the Court has the discretion to either transfer, stay, or dismiss the case before it to promote judicial economy. *See Cedars-Sinai v. Shalala*, 125 F.3d 765 (9th Cir. 1997). In this instance, the Court chooses to exercise that discretion to transfer the case to the court already litigating these issues.

Plaintiffs nonetheless argue the First to File Rule does not apply, once again citing the 2008 stipulation governing jurisdiction, and arguing that that case was, instead, the first to have been filed. But, as the Court described above, that case has been dismissed and that stipulation does not apply, given the failure of either party to reactivate the case.

The Court is also not persuaded to exercise its discretion to overlook the First to File Rule. *See Alltrade, Inc.*, 946 F.2d. at 628. Instead, the Court believes that considerations of judicial economy  warrant a transfer of this case to the Texas court already dealing with the first-filed case, and, not insignificantly, litigating the other related cases in the Eastern District of Texas. The Court therefore GRANTS Uniloc's Motion to Transfer.[2]

### IV.    Disposition

---

[1]The Court notes Plaintiffs' Notice of Post-Briefing Events Regarding Pending Motions, in which they argue that Uniloc's judicial economy argument has been mooted by the dismissal of the remaining defendants in the three cases for which scheduling conferences had been set by the Texas court. However, as Uniloc responds, five cases remain pending in Texas, and the three dismissals came as a direct result of settlement proceedings pushed by the advancement of the proceeding.

[2]A consideration of the factors under § 1404 would yield the same result.

For the reasons stated above, the Court DENIES Plaintiffs' Motion to Enjoin Uniloc from Proceeding with Duplicative Action as Against Symantec, and to Require Uniloc to Dismiss Symantec as a Defendant from That Action and GRANTS Defendants/Counterclaimants Uniloc USA. Inc., Uniloc (Singapore) Private Limited and Uniloc Corporation PTY Limited (collectively "Uniloc")'s Motion to Transfer Venue to the United States District Court for the Eastern District of Texas, or, in the Alternative, to Dismiss.

Accordingly, the case is Ordered to be transferred to the Eastern District of Texas.

The Clerk shall serve this minute order on all parties to the action.